Ami v Ronen (2023 NY Slip Op 50456(U))

[*1]

Ami v Ronen

2023 NY Slip Op 50456(U)

Decided on April 28, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-306 K C

Amos Ben Ami, Respondent, 
against
David Ronen, Appellant, Gilate Ronen, "John Doe" and "Jane Doe", Undertenants. 

Legal Services NYC Brooklyn Branch (Raphael Pope-Sussman of counsel), for appellant.
Wenig Saltiel, LLP (Dan M. Blumenthal of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T. Barany, J.), entered April 7, 2022. The order granted landlord's motion, in a holdover summary proceeding, to vacate a stay imposed by operation of law upon tenant's application to the COVID-19 Emergency Rental Assistance Program of 2021.

ORDERED that the order is reversed, without costs, and landlord's motion to vacate the stay is denied. 
In this holdover proceeding, landlord sought possession of an apartment in a two-family house after landlord terminated tenant's month-to-month tenancy as of June 30, 2020. Landlord also sought arrears and use and occupancy (see RPAPL 741 [5]). In March 2022, tenant filed an application with the COVID-19 Emergency Rental Assistance Program of 2021 (ERAP) (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 3 [3], as amended by L 2021, ch 417, § 2, part A, § 1). Landlord thereafter moved to vacate the stay imposed by operation of law when tenant filed the ERAP application, arguing that the premises were in a building containing fewer than four units and that landlord sought possession for his disabled wife to occupy as her primary residence. In an order entered April 7, 2022, the Civil Court granted landlord's motion. 
The stay imposed while ERAP applications are pending applies to both nonpayment and holdover proceedings, as the statute states that "eviction proceedings for a holdover or expired lease, or non-payment of rent or utilities that would be eligible for coverage under this program shall not be commenced against a household who has applied for this program . . . until a determination of ineligibility is made" (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4), which restriction also applies to "any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program" (id.). This court finds that the plain text of the statute requires that, under the circumstances presented here, [*2]while tenant's ERAP application is pending, the proceeding is stayed by operation of law. 
While landlord asserts that he seeks possession of the apartment so that his wife can occupy it as her primary residence, there is no exception based upon such circumstances to a stay imposed by operation of law while an ERAP application is pending. Rather, this statutory stay is subject only to the so-called nuisance exception (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 9-a, as amended by L 2021, ch 417, § 2, part A, § 6), which is not applicable here. Landlord's alleged circumstances— the subject apartment is located in a building with four or fewer units and landlord intends to occupy it for his wife's use as a primary residence—can establish an exception to the requirement that acceptance of ERAP funds constitutes an agreement "not to evict for reason of expired lease or holdover tenancy any household on behalf of whom rental assistance is received for 12 months after the first rental assistance payment is received" (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 9 [2] [d], as amended by L 2021, ch 417, § 2, part A, § 5). Thus, landlord's alleged circumstances would only affect the application of the ERAP statute after landlord has accepted ERAP payments, but they cannot establish an exception to the stay that is in effect by operation of law while the tenant's ERAP application is pending (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4). 
We acknowledge that alternative interpretations of the statute "may make sense from a practical point of view. But we find nothing in the opinions endorsing such results, nothing in the arguments of the landlord here, and nothing anywhere else to explain how they can be reconciled with the text of the statute. They simply cannot. . . . If that is an undesirable result, the problem is one to be addressed by the Legislature" (Chazon, LLC v Maugenest, 19 NY3d 410, 416 [2012]). Particularly as the Legislature had the opportunity to amend the ERAP scheme and only added the nuisance exception, the plain language of the statute must be followed (see Savy Props. 26 Corp. v James, 76 Misc 3d 1214[A], 2022 NY Slip Op 50942[U] [Civ Ct, Kings County 2022]). 
To the extent landlord argues that the ERAP statute is unconstitutional, such argument is not properly before this court as landlord failed to serve the New York State Attorney General (see CPLR 1012 [b] [3]; 97-101 Realty, LLC v Sanchez, 66 Misc 3d 30 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order is reversed and landlord's motion is denied.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2023